hBYRNES, Judge.
Plaintiffs-appellants, W.C. Johnson, R.C. Johnson, Shirley Smith and Denise Collins, appeal the judgment of the trial court of July 14, 1998, but only to the extent that it denied them the right to a jury trial because the primary defendant, The French Market Corporation, was found to be a “political subdivision of the state” for purposes of LSA-R.S. ISAIOS.[1] The plaintiffs *16 style the appeal as one from an interlocutory judgment causing irreparable injury. The defendants do not challenge this characterization. We affirm.
LSA-R.S. 13:5105 A provides in pertinent part that: “No suit against a political subdivision of this state shall be tried by jury.” LSA-R.S. 13:5101 also provides that this part of the revised statutes known as the “Louisiana Governmental Claims Act” shall apply to “an officer or employee of a political | ^subdivision arising out of the discharge of his official duties or within the course and scope of his employment.” The plaintiffs named certain directors and employees of the French Market Corporation as co-defendants pursuant to allegations that would fall under their official duties or within the course and scope of their employment, or both.
LSA-R.S. 13:5102 B defines “political subdivision” in the broadest possible terms as:
[A]ny parish, municipality, special district, school board, sheriff, public board, institution, department, commission, district, corporation, agency, authority, or an agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency. [Emphasis added.]
The contents of the French Market Corporation charter are not disputed. It was incorporated as a non-profit corporation under LSA-R.S. 12:201(7). The charter provides that:
Any and all “Distributable Net Profits”, as hereinafter defined, which shall be derived from the operations of this Corporation or any activity carried by this Corporation, shall be paid to the City of New Orleans, as a body public. [Emphasis added.]
The charter goes on to declare that:
This Corporation is organized solely for the purpose of renovating and operating the French Market properties and other similar ventures owned by the City of New Orleans as well as the acquisition, formation and operation of a public market or markets for the benefit of the general public ... [Emphasis added.]
The only share of stock in the French Market Corporation was issued to the mayor of the City of New Orleans in his capacity as mayor.
| sFinally, the charter provides that in the event of its dissolution, all assets shall be turned over to the City of New Orleans.
There are no cases dealing with an entity that corresponds closely with the French Market Corporation. Therefore, we must look to and rely on the wording of LSA-R.S. 13:5102 B. As noted above, that statute in defining “political subdivision” uses the broadest possible language. Both the literal language of LSA-R.S. 13:5102 B, and what we may reasonably infer is the legislative intent that the language be given broad application, lead this court to find that the French Market Corporation falls well within the definition of “political subdivision.” Accordingly, we find no error in the trial court’s granting of the defendants motion to strike the plaintiffs’ request for a jury trial.
For the foregoing reasons, we affirm the judgment of the trial court on the question of denying plaintiffs the right to a jury trial.

AFFIRMED.

. In addition to denying the plaintiffs the right to a jury trial, the judgment also rendered the following decrees which are not considered as part of this appeal as they are not complained of by the plaintiffs in this appeal:
IT IS ORDERED, ADJUDGED AND DECREED that the “petition for Declaratory Judgment, Permanent Injunction, Preliminary injunction and Temporary Restraining order Against the French market Corporation to Protect the Plaintiffs’ Constitutional *16 Rights and to Prevent the Violation of Plaintiffs' Constitutional Rights” filed herein by plaintiffs on June 12, 1998 be, and the same is hereby dismissed, at plaintiffs' cost.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs’ Motion for Sanctions be, and the same is hereby dismissed.